UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
———————————————————————————

DAVID A. BROWN,

                    Petitioner,

         v.

THE PEOPLE OF THE STATE OF NEW YORK,

                    Respondent.
———————————————————————————

<u>DECISION AND ORDER</u>

20-CV-6170L

Petitioner David A. Brown ("Brown") has filed this habeas corpus petition, pursuant to 28 U.S.C. § 2254, challenging his criminal convictions in Steuben County Court of three counts of third-degree burglary (Penal Law § 140.20), two counts of possession of stolen property (Penal Law § 165.50; § 165.45(5)) and one count of possession of burglar tools (Penal Law § 140.35). The court sentenced Brown as a persistent felony offender to an aggregate term of 15 years to life.

Brown represented himself, *pro se*, at trial and on appeal to the Appellate Division Fourth Department. That court affirmed Brown's convictions but in its discretion, in the interests of justice, modified Brown's prison term to an aggregate one of 9-18 years imprisonment. *People v. Brown*, 174 A.D.3d 1329 (4th Dep't.), *lv. denied*, 334 N.Y.3d 979 (2019).

Consistent with Brown's choice to proceed *pro se*, he has filed the instant petition here in Federal Court *pro se*. Brown raises a spate of issues, twelve in number. The People have answered and filed a Memorandum of Law in opposition to the petition (Dkt. #12). The People claim that none of petitioner's claims warrant habeas corpus relief in this Court. Brown's claims are either not a proper subject of a federal habeas corpus petition or are procedurally barred under state law

or suggest no federal constitutional violation.  I agree and, therefore, the petition is DENIED and the case DISMISSED.

## FACTS

The proof presented at the three-day trial in February 2016 was straightforward and not in much dispute as to what occurred.  Wilkins RV located in Bath, New York sells and services recreational vehicles.  Several were displayed in the lot on that Sunday, February 1, 2015.  The owner, Brian Wilkins, was at the facility doing paperwork.

Wilkins noticed an unfamiliar car on the lot and when he observed footprints in the snow leading to a couple of RVs, he contacted the New York State Police.  Wilkins had experienced some recent issues with thefts on the property.  Two troopers accompanied Wilkins as they inspected several of the RVs.  When the trio entered one of the RVs, defendant was there inside in the process of detaching a television from its wall mount.  One of the troopers arrested Brown and he noticed a bag of tools next to Brown.  The troopers also located a detached television in a second RV near the door of the vehicle.

The car on the lot was a 1999 BMW which had been stolen from a BMW dealership in Rochester, New York.  The car had last been seen on the Friday before February 1, 2015.  Brown had no permission to use the BMW and the owner of Wilkins RV testified that he gave no one, including Brown, permission to enter any of the RVs or remove the televisions attached to the vehicles.

On direct appeal to the Appellate Division, Brown once again proceeded *pro se*, raised numerous claims which were all rejected by the Appellate Division.

## DISCUSSION

As mentioned, Brown has raised numerous issues in this habeas corpus proceeding, as he did on direct appeal.  None of those claims, however, warrant federal habeas corpus relief and therefore the petition must be denied and the case dismissed.

Federal habeas corpus relief is narrow and only relates to a claim that a state prisoner is confined in violation of the federal Constitution or laws of the United States.

"The habeas statute unambiguously provides that a federal court may issue the writ to a state prisoner 'only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.'"  *Wilson v. Corcoran*, 562 U.S. 1, 5 (2010) (quoting 28 U.S.C. § 2254(a)). The Supreme Court has "repeatedly held that 'federal habeas corpus relief does not lie for errors of state law.'"  *Id.* (quoting *Estelle v. McGuire*, 502 U.S. 62, 67 (1991); further quotation omitted). "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."  *Estelle*, 502 U.S. at 67-68; *accord Wilson*, 562 U.S. at 5.  "On a petition for a writ of federal habeas corpus, the petitioner bears the burden of proving by a preponderance of the evidence that his constitutional rights have been violated."  *Jones v. Vacco*, 126 F.3d 408, 415 (2d Cir. 1997) (citing *Machado v. Commanding Officer*, 860 F.2d 542, 544 (2d Cir. 1988)).

**Brown's Claim that his Arrest was Unlawful and Not Based on Probable Cause**

Brown contends that his arrest was unlawful since the state troopers had no probable cause to arrest.  As the People point out in their Memorandum, such a claim, based on an alleged violation of the Fourth Amendment is barred from habeas review by well-established United States Supreme Court precedent, principally *Stone v. Powell*, 428 U.S. 465 (1976).

3

It is clear, under Supreme Court authority, where the state has provided an opportunity for a full and fair litigation of a Fourth Amendment claim, a defendant may not use a habeas corpus petition to challenge a search or seizure.

New York certainly provides more than ample procedures to address any Fourth Amendment claim.  In fact in this case, Brown took advantage of New York's procedure filing a motion to suppress based on a lack of probable cause.  After a hearing, the trial court found no Fourth Amendment violation, found the arrest proper and allowed evidence seized, the televisions and tools, to be introduced at trial.  Brown's habeas corpus petition on this ground is, therefore, denied, as barred by Supreme Court precedent.


**Third-Degree Burglary Charges**

Several of Brown's claims (3, 5 and 6) relate to the third-degree burglary charge.  Brown claims that the public could enter the RV lot, even when it was closed, and furthermore that RV vehicles are not "buildings" subject to being burglarized.  These claims appear to have been raised by Brown in his brief before the Appellate Division and, like the rest of Brown's claims, they were rejected by the state court on the merits, as a matter of state law.  The state court's decision on the merits is controlling unless that decision is contrary to an established federal law or the Constitution. 28 U.S.C. § 2254(d)(1), which is not the case here.

There is no merit to these claims and they do not implicate a violation of federal law or the Constitution.

These are matters of state law involving the elements of burglary and the sufficiency of the evidence to support a conviction.  Brown's contention that RVs are not buildings and therefore not subject to being burglarized depends on a fair reading of New York Penal Law.  The People in its

Memorandum point out several state law cases addressing this issue.  But the primary point is that these are all matters of state law and the New York court's interpretation of that law is, and should be, binding on this Court in this federal habeas corpus proceeding.

To the extent that Brown claims that he is actually innocent, such a claim is not cognizable on habeas corpus review.  That claim by itself does not provide any basis for habeas corpus relief. Furthermore, Brown presents no new evidence but simply challenges the sufficiency of the evidence that was presented at trial; evidence that the jury rejected.

**The Felony Complaints and the Grand Jury Proceedings**

Brown raises a spate of issues concerning the original criminal complaints and matters occurring before the grand jury.  These claims lack merit but, in any event, they are not cognizable in this federal habeas corpus proceeding because they involve matters of state law and state statutes and do not raise any issue relative to federal law and the federal Constitution.  See *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *Lopez v. Riley*, 865 F.2d 30, 32 (2d Cir. 1989).

In addition, any defects in the complaints are of no moment and provide no basis for habeas corpus relief.  Those matters also involve state law but of course once an indictment was filed that finding of probable cause defeats any defect in the criminal complaints.  And, of course, petitioner was convicted at trial, by proof beyond a reasonable doubt, which also makes any alleged error in pretrial charging matters moot and harmless.

**Jury Charge Claims**

Brown makes several claims relating to the trial court's charge to the jury.  First, Brown claims that the court erred on its charge relative to intent.  The jury was asked to determine whether

5

Brown entered the RVs with an intent to commit "a crime."  Brown contends that such a charge was too broad.  Next, Brown contends that the court erred in its response to a jury note received during deliberations.

First of all, as Respondent notes in its Answer, the first claim is not exhausted.  Brown failed to cite any case or authority to the state court supporting his position that there was a constitutional violation.  Furthermore, the claim is now barred and cannot be presented in state court.

In any event, on the merits, this claim provides no basis for habeas corpus relief.  The Appellate Division noted on the direct appeal that the only evidence at trial relating to intent involved Brown's efforts to steal television sets from the RVs.  There was no indication or evidence that he intended to do anything else, for example engage in criminal mischief.

In any event, matters relating to instructions on state statutes involve matters of state law and do not provide a basis for habeas corpus relief.  Federal courts do not sit to review state law and when there is an adequate independent state-law basis for a decision in the state court, there is no basis for further proceedings in federal court.

Brown also contends that the trial court erred in responding to a note from the jury.  The BMW in question had been stolen and apparently the owners were unaware of the theft until the matter was brought to their attention when Brown was arrested.  The jury asked during deliberations "is the vehicle stole[n] if it is not reported to be stolen?".

In essence, the court advised the jury that when the item was reported stolen is not controlling.  The issue is when the owner was deprived of his possessory interest in the vehicle. Brown's argument was presented to the Appellate Division and summarily rejected at *Brown*, 174 A.D.3d at 1334.  The instruction to the jury was proper and did not lessen the People's burden of proof.  Once again, this is a matter of state law and does not provide a basis for habeas corpus relief.

6

To the extent that this argument can be viewed as a challenge to the sufficiency of the evidence, relief is not warranted.  It is well established that a "weight-of-the-evidence" claim does not provide a basis for federal habeas corpus relief.  Clark v. Noeth, 351 F. Supp. 3d 369, 372 (W.D.N.Y. 2007).  The argument that the verdict is against the weight of the evidence states a claim under state law, which is not cognizable in a habeas corpus proceeding.


**Challenges to Trial Court Rulings**

Brown represented himself at trial and he now claims that certain court rulings at trial somehow deprived him of "assistance of counsel."  This argument makes little sense.  The Court need not do any analysis under *Strickland v. Washington*, 466 U.S. 668 (1984), which deals with acts of counsel and whether they constituted ineffective assistance.

In essence, Brown just has a list of court rulings that he believes were improper.  These were, for the most part, evidentiary rulings.  For example the trial court precluded Brown from arguing matters relating to the fact that the BMW was never reported stolen.  Such evidentiary rulings do not implicate the federal Constitution and therefore rarely form the basis for habeas corpus relief.  Concerning the issue whether the BMW was stolen, such was irrelevant and the trial court properly determined that to be the case.  Therefore, it was proper to preclude Brown from arguing that before the jury.

The other matters raised by Brown involve matters of state law and state criminal procedure and those claims were never exhausted to the extent that the state court was never advised as to how these matters involved a violation of federal law or the Constitution.

Furthermore, the state court rejected all the claims to the extent they were raised before the Appellate Division and none of them suggest any federal constitutional violation.

***Batson* Claim**

Brown raises an argument concerning the preemptory challenge to a juror.  The Appellate Division summarily rejected this argument as the record provided no support for the claim.  When the juror was peremptorily struck by the prosecutor, Brown objected but never mentioned the juror's race or raised any proper argument warranting any kind of *Batson* inquiry.  Brown simply gave his opinion that the juror appears to be "pretty good" and unbiased.  (T. 162).  The prosecutor did state that the juror's husband had been involved in a contentious matter before the school board and there had been some arguments between the juror's husband and the prosecutor's stepmother at that proceeding.  This of course had nothing to do with race and Brown never suggested that there was a racial component to the strike before the trial court.  The *Batson* claim is frivolous and provides no basis for relief here.

## CONCLUSION

For all the reasons stated above, there is no basis to grant habeas corpus relief in this case. Therefore, the petition for writ of habeas corpus is DENIED and the petition is DISMISSED.

The Court also declines to issue a certificate of appealability because petitioner has failed to make a substantial showing of the denial of any constitutional right.

IT IS SO ORDERED.

DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
          October 25, 2021.

8